# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PACHECO<br><br>Defendants, and<br><br>EPROFIT SYSTEMS LLC, MATTHEW LOPEZ, FINTACT SOLUTIONS GROUP LLC, FINTACT PAYMENT SOLUTIONS LLC, MARITUS REGALIS LLC, GABTTA LLC, and TRIDENT COMMERCE LLC,<br><br>Relief Defendants. | Case No. 5:19-cv-00958-DDP-AFM<br><br>**[PROPOSED] STIPULATED CONFIDENTIALITY ORDER** |

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this stipulated Confidentiality Order for the purpose of assuring the confidentiality of certain information that will be disclosed in the course of the litigation.

1. As used in this Confidentiality Order, the term "Sensitive Personal Information" shall mean any documents or other information containing any one or more of the following categories of personal and private documents or information: (a) a Social Security or tax identification number; (b) financial account statements, including statements for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) any financial account number, including for a bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (d) tax returns; (e) the home address and phone number of any individual person; (f) the birth date of any individual person; (g) the name of any individual person who, at the time of the filing of the Complaint in this action, was known to be less than 18 years old; or (h) medical information.

2. Sensitive Personal Information disclosed to any party to this action or their/its counsel (collectively, the "Parties") during the course of this action:

    a. Shall be used by the Parties only for the purposes of this action;
    b. Shall not be used by the Parties for any business or commercial purposes;
    c. Shall not be published to the public in any form by the Parties except as permitted by Paragraphs 5 and 7, below;
    d. May be disclosed only to the following persons, with reasonable precautions taken to insure the confidentiality of the information:
        i. A Party;

|       |       |       |                                                                                          |
|-------|-------|-------|------------------------------------------------------------------------------------------|

        ii.      Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal, or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

        iii.     Non-party witnesses to whom disclosure is reasonably necessary and who have been provided a copy of this Order;

        iv.     A document's author(s), recipient(s), or copyee(s);

        v.      Current and former employees of the producing Party or non-party to whom disclosure is reasonably necessary and who have been provided a copy of this Order;

        vi.     Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this action;

        vii.    Court reporters or stenographers engaged to record deposition, hearing, or trial testimony, and their employees;

        viii.   Such other persons as hereafter may be authorized by either (1) written consent of all the Parties, (2) the original producing Party or non-party, or (3) the Court upon motion of either Party.

3. A copy of this Confidentiality Order shall be delivered to each of the named Parties or persons within paragraph 2.d. above to whom a disclosure of Sensitive Personal Information is made, at or before the time of disclosure, by the Party making the disclosure. The provisions of this Confidentiality Order shall be binding upon each such Party or person to whom disclosure is made.

4. The provisions of this Confidentiality Order shall not be construed as preventing:

a. Any disclosure of Sensitive Personal Information to any Party;
b. Any disclosure of Sensitive Personal Information to any judge, magistrate, or employee of this Court for any purposes of this action;
c. Any disclosure of Sensitive Personal Information for the purpose of enforcement of the criminal law or as otherwise required by law.

5. All Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2(a). <u>The parties acknowledge that this Confidentiality Order does not entitle them to file confidential information or Sensitive Personal Information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file materials under seal.</u>

6. This Confidentiality Order shall not:
   a. Operate as an admission by any Party that any particular discovery material contains Sensitive Personal Information;
   b. Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Confidentiality Order, or whether such material should or may be disclosed, <u>which shall be presented to the Court via joint stipulation pursuant to Local Rule 37-2</u>;
   c. Prevent a Party or non-party's disclosure of its own Sensitive Personal Information; or
   d. Prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any other confidential information or Sensitive Personal Information.

7. Nothing in this Order shall preclude the Parties from offering Sensitive

3

| | |
|---|---|
| 1 | Personal Information into evidence at any proceeding in this action |
| 2 | subject to the restrictions of Federal Rule of Civil Procedure 5.2. <u>This</u> |
| 3 | <u>order does not govern use of confidential information or Sensitive</u> |
| 4 | <u>Personal Information at trial. Any use of confidential information or</u> |
| 5 | <u>Sensitive Personal Information at trial shall be governed by orders of the</u> |
| 6 | <u>trial judge.</u> |
| 7 | 8. Notwithstanding any other provision contained herein, this |
| 8 | Confidentiality Order shall not limit or otherwise abrogate the ability |
| 9 | and authority of Plaintiff Securities and Exchange Commission ("SEC") |
| 10 | or Defendant or any Relief Defendant to: (1) use, disclose, or retain any |
| 11 | materials to the extent required by law; and/or, with respect to the SEC, |
| 12 | (2) use or disclose any materials in a manner consistent with paragraphs |
| 13 | 1-22 of Section H of SEC Form 1662 (the "Routine Uses of |
| 14 | Information"), a copy of which is attached hereto as Exhibit A. |

STIPULATED BY:

Date: _____     By: _____
Gary Y. Leung
Securities and Exchange Commission
Los Angeles Regional Office
444 S. Flower Street, 9th Flr.
Los Angeles, CA 90071

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

Date: _____     By: _____
Scott W. Wellman

Wellman & Warren LLP
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653

*Counsel for Defendant Pacheco and Relief*
*Defendant EProfit Systems LLP*

Date: _____     By: _____
Kenneth P. Herzinger

4

Orrick Herrington & Sutcliffe LLP
405 Howard St.
San Francisco, CA 94105

*Counsel for Relief Defendants Lopez, Fintact Solutions Group LLC, Fintact Payment Solutions LLC, Maritus Regalis LLC, Gabtta LLC and Trident Commerce LLC*

**SO ORDERED:**

Date: 6/7/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE