Scott Wellman, SBN: 82897
Chris Wellman SBN: 304700
**WELLMAN & WARREN LLP**
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
Fax: (949) 580-3738
swellman@w-wlaw.com
cwellman@w-wlaw.com

Attorneys for Defendant,
Daniel Pacheco

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISION,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PACHECO,<br><br>Defendant, and<br><br>EPROFIT SYSTEMS LLC, MATTHEW LOPEZ, FINTACT SOLUTIONS GROUP LLC, FINTACT PAYMENT SOLUTIONS LLC, MARITUS REGALIS LLC, GABTTA LLC, and TRIDENT COMMERCE LLC,<br><br>Relief Defendants, | Case No. 5:19-cv-958-MWF-AFM<br><br>**DECLARATION OF DANIEL PACHECO IN RESPONSE TO THE COURT'S ORDER (DKT. NO. 90)**<br><br>Magistrate Judge: Hon. Alexander F. MacKinnon<br><br>Non-Expert Discovery Cut-off: December 1, 2020<br>Expert Discovery Cut-off: February 2, 2021<br>Pretrial Conference: June 28, 2021<br>Trial Date: July 20, 2021 |

I, Daniel Pacheco, do hereby declare and state as follows:

1. I have personal knowledge of the following facts, and if called upon would testify to them.

2. I discussed the subject of the SEC's requests for production at issue in multiple meetings with my lawyers at Wellman & Warren, LLP.

3. As the SEC admits, I produced many categories of documents responsive to its requests. I produced at least "(1) a printout of a list of thousands of names of distributors with the

-1-
**DECLARATION OF DANIEL PACHECO IN RESPONSE TO THE COURT'S ORDER (DKT. NO. 90)**

purported balance due from IPro to each as of May 18, 2020, (2) Form 1099s for 2017 reflecting the amount actually paid to distributors in that year, (3) a spreadsheet purporting to show distributors' requests for payment in a 30 day period in May-June 2017, (4) a spreadsheet purporting to show payments to distributors over a 30 day period in June-July 2017, and (5) a spreadsheet which appears to show commissions earned and commissions paid in 2017-18." (Dkt. No. 77-1 at 8). Additionally, responsive to Request No. 22, I produced an "Iwallet report" document that shows payments and reimbursements to distributors from 2017-2018 and a "Direct Sale Commissions and Bonuses" document that shows amounts due to distributors as of April 6, 2018. Everything I produced is in addition to the roughly 6,800 documents consisting of over 34,000 pages that the SEC obtained in its investigation. (Dkt. No. 79-1 at 5).

4. Regarding communications with distributors, I-Pro retained an independent entity to manage its communications with distributors or customers. All communications to the IPro support email went directly to the independent entity. I attempted to obtain documents from this independent entity, but the independent entity was not able to retrieve any communications it received resulting from its work for IPro because it indicated that it does not retain records of past clients.

5. Regarding IPro's use of systems to calculate distributor commissions, IPro never used QuickBooks, rather IPro retained an independent entity to build its e-commerce platform and create a software system to calculate commissions. This independent entity automated the process so that data from the e-commerce platform went directly to the independent entity's software system to calculate commissions.

6. The SEC already produced multiple compensation plans showing IPro compensation structure.

-2-
**DECLARATION OF DANIEL PACHECO IN RESPONSE TO THE COURT'S ORDER (DKT. NO. 90)**

7. Additionally, the SEC produced multiple documents regarding meetings and training sessions with distributors.

8. In the deposition of Karla Pacheco, the SEC requested that certain accounting related information be produced to them. While the data that the SEC requested at the deposition is not being produced in response to the SEC's Request for Production Nos. 22, 58, and 59, I am including this information in this declaration to err on the side of caution. Documents had to be created to convey the data that the SEC requested in a reasonably accessible format. On December 17, 2020, I produced four documents including the information that the SEC requested at the deposition of Karla Pacheco. I am still attempting to obtain additional data that the SEC requested, so if I can obtain this additional data in reasonable accessible format I will produce said data.

9. After conducting a reasonable search, to my knowledge, I produced all responsive, nonprivileged documents that are in my custody, possession, or control to the SEC's Request for Production Nos. 22, 58, and 59 as of the date of this declaration.

10. Nothing in this declaration amounts to a waiver of attorney client privilege.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of December, 2020.

                                                                    ___/s/_ Daniel Pacheco___

                                                                    Daniel Pacheco

-3-
**DECLARATION OF DANIEL PACHECO IN RESPONSE TO THE COURT'S ORDER (DKT. NO. 90)**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Laguna Hills, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 24411 Ridge Route, Suite 200, Laguna Hills, CA 92653. On **December 18, 2020**, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:  1. **DECLARATION OF DANIEL PACHECO IN RESPONSE TO THE COURT'S ORDER (DKT. NO. 90)**

SERVED UPON:  *PLEASE FIND ATTACHED SERVICE LIST*

☐ **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Laguna Hills, California. I am readily familiar with the practice of Wellman & Warren for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ **(BY E-FILING)** By causing the document to be electron ally filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses as listed above and/or on the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **December 18, 2020,** at Laguna Hills, California

                                                   */s/ Kelsey Krueger*
                                                   Kelsey Krueger

*SEC v. DANIEL PACHECO, et al.*
**United States District Court – Central District of California**
**Case No. 5:19-cv-00958-MWF-AFM**

## SERVICE LIST

*GARY Y. LEUNG*
*DANIEL O. BLAU*
*PETER F. DEL GRECO*
Securities and Exchange Commission
444 S. Flower Street, Ste. 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (323) 965-3908
Email:  leungg@sec.gov
Email:  blaud@sec.gov
Email:  delgrecop@sec.gov

*Attorneys for Plaintiff*