UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-958-MWF (AFMx)      **Date:** April 4, 2022
**Title:** Securities and Exchange Commission v. Daniel Pacheco et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**     ORDER RE: MOTIONS FOR SMUMARY JUDGMENT [99, 100]

Before the Court are two motions:

The first is Plaintiff Securities and Exchange Commission (the "SEC")'s Motion for Partial Summary Judgment Against Defendant Daniel Pacheco (the "SEC MSJ"), filed on July 19, 2021. (Docket No. 99). Defendant Daniel Pacheco filed an opposition (the "SEC MSJ Opp.") on July 26, 2021. (Docket No. 103). The SEC filed a reply (the "SEC MSJ Reply") on August 2, 2021. (Docket No. 104).

The second motion is Defendant Pacheco's Motion for Summary Judgment (the "Pacheco MSJ"), filed on July 19, 2021. (Docket No. 100). The SEC filed an opposition (the "Pacheco MSJ Opp.") on July 26, 2021. (Docket No. 102). Pacheco filed a reply (the "Pacheco MSJ Reply") on August 2, 2021. (Docket No. 106).

The Court read and considered the papers filed in connection with the motions and held a telephonic hearing on **September 9**, **2021**, pursuant to General Order 21-03 arising from the COVID-19 pandemic.

For the reasons discussed below, the Court rules as follows:

- The SEC MSJ is **DENIED**. Although the SEC presents a strong case, a showing has not been made that the issues are purely legal and determinable on summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-958-MWF (AFMx)          **Date:** April 4, 2022
**Title:** Securities and Exchange Commission v. Daniel Pacheco et al.

- The Pacheco MSJ is **DENIED**. Material fact disputes exist as to whether Pro Currency or the I-Pro Network constituted securities.

## I. BACKGROUND

The Court has previously summarized the background of this action in connection with the Court's October 31, 2019 Order Re: SEC's Rule 12(f) Motion to Strike Affirmative Defenses (the "Prior Order"). (*See* Docket No. 38). The Court incorporates by reference the factual background set forth in the Prior Order.

## II. LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-958-MWF (AFMx)         Date:  April 4, 2022
Title:      Securities and Exchange Commission v. Daniel Pacheco et al.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249–50.

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks and citations omitted) (holding that the district court erred in failing to consider evidence submitted on the plaintiffs' motion before ruling on the defendants' motions).

### III.  DISCUSSION

#### A.  SEC MSJ

The SEC moves for partial summary judgment on its third claim for violations of Sections 5(a) and (c) of the Securities Act, 15 U.S.C. §§ 77e(a), (c).  (SEC Memorandum (Docket No. 99-1) at 1).  These sections prohibit the offering or sale of securities without a registration statement.  (*Id.*).

"To establish a prima facie case for violation of Section 5, the SEC must show that (1) no registration statement was in effect as to the securities; (2) the defendant directly or indirectly sold or offered to sell securities; and (3) the sale or offer was made through interstate commerce." *Bloomfield v. U.S. S.E.C.*, 649 F. App'x 546, 548 n.4 (9th Cir. 2016) (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013)) (alterations omitted)).  "[S]cienter is not an element of Section 5 liability," and "Section 5 is a strict liability statute."  *CMKM*, 729 F.3d at 1256–57.

An initial issue here is whether PRO Currency meets the definition of "security" under 15 U.S.C. § 77b(a)(1).  The SEC argues that PRO Currency was an "investment contract," or "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 19-958-MWF (AFMx)                **Date:**  April 4, 2022
**Title:**       Securities and Exchange Commission v. Daniel Pacheco et al.

or a third party." *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946). "The definition of investment contract is 'a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek to use the money of others on the promise of profits.'" *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 177 (S.D.N.Y. 2020) (quoting *Howey*, 328 U.S. at 299).

At the hearing, the SEC emphasized the argument that digital assets like "cryptocurrencies" or "crypto" may be considered investment contracts. *See*, *e.g.*, *id.*, *SEC v. Telegram Grp. Inc.*, 448 F. Supp. 352, 367–68 (S.D.N.Y. 2020). Pacheco argued in opposition that PRO Currency was not an investment contract because it was given freely as a reward when customers bought "real products with real value," *i.e.*, the ecommerce educational materials, and further that whether consumers were motivated by the PRO Currency or the educational materials should be a factual question reserved for a jury.

Pacheco also argued that consumers were motivated by the I Pro Mall, which, though admittedly never actually was accessible to consumers, purportedly was set to include $4 million worth of products that could be exchanged for the "reward" PRO Currency. Finally, Pacheco asserted that there was a growing list of over 200 vendors that had interest in accepting PRO Currency as tender.

As was made clear at the hearing, the Court is not convinced this is a matter appropriate for summary judgment. While the SEC has strong and persuasive arguments, the only way to address the material disputes of fact is to delve far into the particular details of the chronology of events and to discount Pacheco's declarations, both of which do not seem to be questions of law to be addressed on summary judgment. The cited case law on the issue, while persuasive, is not sufficiently analogous to move the question from factual to legal when all inferences are drawn, as they must be, in favor of the non-moving party.

Put more simply, though the SEC's case appears well-supported and logical, it does not appear that the triable issues of material fact have crossed the line from factual into legal such that a grant of summary judgment is appropriate here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-958-MWF (AFMx)          **Date:** April 4, 2022
**Title:** Securities and Exchange Commission v. Daniel Pacheco et al.

Accordingly, the SEC MSJ is **DENIED**.

### B. Pacheco MSJ

Pacheco also moves for summary judgment, asserting that the I-Pro Network program did not involve a security as the program was not a pyramid scheme and also that the Pro Currency was not a security. (*See* Pacheco Memorandum (Docket No. 100-1) at 12–13). In particular, Pacheco asserts that the I-Pro Network was akin to other, legal multi-level marketing companies such as Amway, as any distributor is not required to pay up-front for non-refundable inventory and its products have actual value. (*See id.* at 14–19). Additionally, Pacheco argues that the I-Pro Network was not an investment contract under the *Howey* test and that the Pro Currency "cashback rewards" program is just that—a reward program—and therefore distinguishable from initial coin offerings akin to stock purchases. (*See id.* at 20–25).

The issue of whether or not the I-Pro Network multi-level marketing program constituted a security in and of itself was not discussed at the hearing. The SEC argues in its opposition that the program met all of the elements under the *Howey* test to qualify as a security: an investment fee to become a member, a common enterprise because investments were pooled to pay commissions, an expectation of profit from the continued efforts of Pacheco, and that the scheme was a pyramid scheme because members were incentivized through recruitment bonuses to recruit members instead of making sales. (*See* Pacheco MSJ Opp. at 14–20).

Genuine disputes of material fact exist as to each of the points on which Pacheco seeks summary judgment. As described above, material fact disputes exist as to whether or not the Pro Currency qualifies as a security, in particular as to whether it meets the definition of an investment contract. Additionally, the SEC has demonstrated that genuine issues of fact exist as to whether or not the I-Pro Network itself was a security, including whether the network was a pyramid scheme given the compounding compensation eligibility upon stronger member recruitment as well as each of the *Howey* test factors – many of which overlap with the inquiry into whether the Pro Currency itself constituted a security.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-958-MWF (AFMx)                    Date:  April 4, 2022
Title:     Securities and Exchange Commission v. Daniel Pacheco et al.

Summary judgment is inappropriate, particularly as here where the moving party's arguments are primarily legal and cite minimally to the record.

The Pacheco MSJ must therefore be **DENIED**.

## IV. CONCLUSION

The SEC MSJ is **DENIED**.  Though the SEC presents a strong case, it is not clear to the Court at this stage that the issues are determinable on a purely legal basis without necessarily involving resolution of disputes of fact.

The Pacheco MSJ is also **DENIED**.  Pacheco has not shown entitlement to summary judgment given the genuine disputes of material fact.

The continued dates set forth in the Order dated January 19, 2022 remain in effect.  (Docket No. 116).

IT IS SO ORDERED.